IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:12-CV-00052-RLV-DSC

| | |
|---|---|
| SUZANNE WICK AND LISA MANGIARDI, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | **MEMORANDUM AND ORDER**<br>)<br>) |
| PHILLIP H. REDMOND, et al., | )<br>) |
| Defendants. | ) |

**THIS MATTER** is before the Court on "Defendants' Motion to Compel" (document #28) filed June 17, 2013, Defendants' "Objection to Subpoena and Motion to Quash" (document #31) filed July 9, 2013, and the parties' associated briefs and exhibits. See documents ##28, 30, 31, 32, 39, 41 and 42.[1]

This Motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1), and are now ripe for the Court's consideration.

Defendants ask that the Court compel Plaintiffs to supplement their responses to "Defendants' First Set of Interrogatories and Request for Production of Documents to Plaintiff Suzanne Wick" and "Defendants' First Set of Interrogatories and Request for Production of Documents to Plaintiff Lisa Mangiardi." Specifically, Defendants seek production of witness statements including recorded statements that were played at the February 26, 2013 mediated settlement conference. In response, Plaintiffs argue that those statements are "are protected by

---

[1] Defendants initially failed to docket their "Memorandum of Law in Support of ... Motion to Compel" (document #41). Upon realizing the error, the Court directed Defendants to docket their brief and allowed Plaintiffs an opportunity to file an additional response.

work-product and attorney client privilege since the mediation videos were produced only for a confidential mediation." Document #30 at 2.

The Court has carefully examined the record, the parties' arguments, and the applicable authorities. Plaintiffs rely on North Carolina law that protects statements made in the course of negotiations. See N.C. Gen. Stat. §7A-38.1(l). These provisions do not shield witness statements disclosed to the opposing party and counsel during mediation from being produced in discovery. Id. For this and the other reasons cited in Defendants' briefs, their Motion will be granted.

In their Motion to Quash, Defendants argue that Plaintiffs' subpoena to Iredell County seeking production of personnel records should be quashed because the files are confidential and privileged. Plaintiffs correctly respond that there is a Consent Protective Order (document #15) in place. For this and the other reasons cited in Plaintiffs' briefs, Defendants' Motion will be denied.

**NOW THEREFORE, IT IS ORDERED:**

1. Defendants' "Objection to Subpoena and Motion to Quash" (document #31) is **DENIED**.

2. "Defendants' Motion to Compel" (document #28) is **GRANTED**. Within fifteen (15) days of this Memorandum and Order, Plaintiffs shall make complete supplemental responses to "Defendants' First Set of Interrogatories and Request for Production of Documents to Plaintiff Suzanne Wick" and "Defendants' First Set of Interrogatories and Request for Production of Documents to Plaintiff Lisa Mangiardi," including production of the witness statements identified and/or played at the mediation.

3. The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel; and to the Honorable Richard L. Voorhees.

**SO ORDERED**.

Signed: August 27, 2013

David S. Cayer
United States Magistrate Judge